UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | ) **Chapter 11** |
| | ) |
| **FEDERAL-MOGUL GLOBAL INC.,** | ) **Case No. 01-10578 (RJN)** |
| ***et al.*** | ) |
| | ) **(Jointly Administered)** |
| **Debtors.** | ) **Objection Due: December 28, 2001, 4:00 p.m.** |
| | ) **Hearing Date: January 4, 2002, 8:30 a.m.** |

**MOTION TO PARTIALLY WITHDRAW THE REFERENCE PURSUANT TO 28 U.S.C. § 157(d) AND TO TRANSFER RELATED CLAIMS AND CAUSES OF ACTION PURSUANT TO 28 U.S.C. § 157(b)(5)**

TO: HON. RANDALL J. NEWSOME
UNITED STATES BANKRUPTCY COURT JUDGE

Honeywell International, Inc. ("Honeywell"), by and through its undersigned counsel, Tybout, Redfearn & Pell and Drinker Biddle & Shanley LLP, in support of this Motion to Transfer Related Claims and Causes of Action (the " Transfer Motion"), as defined below, respectfully states as follows:

**BACKGROUND**

1. On October 1, 2001 (the "Petition Date"), Federal-Mogul Global Inc., et al. (collectively, "Federal-Mogul" or the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

2. The Debtors continue to operate their respective businesses and manage their respective properties pursuant to sections 1107 and 1108 as debtors-in-possession.

3. Through its bankruptcy petition filed with this Court, Federal-Mogul claimed that a primary reason for the commencement of the above case was due to the overwhelming defense and settlement costs relating to potential liability for asbestos-related claims asserted against the Debtors, or businesses the Debtors acquired. (Aff. of David M. Sherbin ("Sherbin Aff.") in Support of First Day Motions at ¶ 18). As of June 30, 2001, the Debtors stated that they were named co-defendants in over three hundred thousand (300,000) pending asbestos-related personal injury claims in federal and state court actions across the country. Of those claims, at least one hundred nineteen thousand (119,000) had been filed against the Debtors in the first six months of 2001 (Sherbin Aff. at ¶ 16).

4. Though not nearly as large as the number of cases filed against Federal-Mogul, a substantial number of personal injury claimants have named Honeywell, as successor-in-interest of Bendix Corp. ("Bendix"), as defendant in claims alleging injuries due to asbestos-containing friction products that were allegedly manufactured or supplied by Bendix. Most of these cases also name Federal-Mogul as a co-defendant.

5. The personal injury claimants in the above referenced actions have asserted that joint and several liability arises as to each named co-defendant in this action. As a result, in the above referenced actions where Federal-Mogul is a co-defendant, Honeywell has either

affirmatively asserted a cross-claim for indemnification and/or contribution against Federal-Mogul, or such a cross-claim against Federal-Mogul arises automatically by operation of law. Conversely, Federal-Mogul has also either affirmatively asserted a cross-claim for indemnification and/or contribution against Honeywell, or such a cross-claim against Honeywell arises automatically by operation of law.

6. Honeywell is in the process of removing claims and causes of action involving such products that are pending in state courts pursuant to 28 U.S.C. § 1452(a) and Rule 9027(a) of the Federal Rules of Bankruptcy Procedure.

7. This Transfer Motion encompasses all claims and causes of action against Honeywell in state or federal courts alleging injuries due to friction products where Federal-Mogul is a co-defendant, as well as the claims asserted by Honeywell against the Debtors for indemnification and/or contribution and the corresponding claims asserted by the Debtors against Honeywell for indemnification and/or contribution.

8. On November 20, 2001, Daimler Chrysler Corporation, Ford Motor Company and General Motors Corporation (collectively the "Auto Makers") filed a similar motion requesting the transfer of the claims and causes of action asserted against them due to identical friction products, and sought the same relief as that sought by Honeywell in the instant motion.

9. On November 29, 2001, this Court issued an Order, pursuant to 28 U.S.C. § 292(b) and the order of the Honorable Edward R. Becker, Chief Judge of the United States Court of Appeals for the Third Circuit, assigning the above referenced bankruptcy proceeding to the Honorable Alfred E. Wolin of the United States District Court for the District of New Jersey.

10. On December 10, 2001, Judge Wolin issued an Order partially withdrawing the reference of the case with respect to the Auto Makers transfer motion and granted the Auto

Makers application for a provisional order transferring the friction products claims asserted against the Auto Makers to the Delaware District Court pending further Order of the Court.

11. Accordingly, Honeywell respectfully submits that the Transfer Motion that is the subject of this motion should be granted, and the claims or causes of action asserted against Honeywell and the cross-claims for indemnification and/or contribution asserted by Honeywell against Federal-Mogul, and the corresponding cross-claims asserted by Federal-Mogul against Honeywell, should be provisionally transferred to this Court pursuant to 28 U.S.C. § 157(b)(5).

## REQUESTED RELIEF AND REASONS THEREFOR

12. For the reasons stated more fully below, Honeywell respectfully submits that this Court has jurisdiction over this proceeding, and the transfer of these claims and causes of action is appropriate because it is in the interests of justice, it furthers judicial economy, it will avoid unnecessary and duplicative costs and the consolidation of these claims and causes of action into the bankruptcy proceeding will benefit the bankruptcy estate.

### A. Withdrawal of the Reference

Section 157(d) of title 28 of the United States Code provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on the timely motion of any party, for cause shown.

28 U.S.C. § 157(d) (1994)

Section 157(b)(5) of title 28 of the United States Code provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5) (1994)

13. Pursuant to these statutory provisions, the district court has the power to withdraw the reference, and has in fact exercised that power in its Order issued on December 10, 2001. Accordingly, Honeywell respectfully requests that the district court partially withdraw the reference in this case to effectuate the relief sought by the Transfer Motion.

**B. <u>Jurisdiction Over Transfer Motion</u>**

Section 1334(b) of title 28 provides:

> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or ***related to a case under title 11.***

28 U.S.C. § 1334(b) (1994) (emphasis added).

Section 1334(b) of title 28 provides broad jurisdictional grant to the district courts for bankruptcy cases and related proceedings, including the claims and causes of action that are the subject of this Transfer Motion. In Celotex Corp. v. Edwards, the Supreme Court adopted an expansive definition of "related to" jurisdiction first enunciated by the Third Circuit in Pacor by stating:

> The usual articulation for determining whether a civil proceeding is related to a bankruptcy is whether the *outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy*.... Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

514 U.S. 300, 306, 308 n.6 (1995) (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)) (emphasis in original).

14. Under this test the Court has "related to" jurisdiction over the claims and causes of action that are the subject of the Transfer Motion. These claims have a substantial effect on the Debtors' estates, and their disposition will directly affect the Debtors' rights, property and liabilities. The claims and causes of action that are subject to the Transfer Motion are unliquidated. This poses three problems for this Court. First, the determination of whether a class of creditors has accepted or rejected a proposed plan of reorganization is made with

reference to the dollar amount of the claim held by each creditor in the class. See 11 U.S.C. § 1126(c) (1994). This Court cannot attempt to complete this process or seek any confirmation of a plan until some value is placed on the cross-claims for indemnification and/or contribution against the Debtors. Second, a plan generally cannot be confirmed if its implementation is "likely to be followed by the liquidation, or the need for further financial reorganization of the debtor." 11 U.S.C. § 1129(a)(11) (1994). If the amount of any proposed payment held by a certain class of creditors (either the underlying asbestos claimants or the co-defendant cross-claimants) is unknown, then this Court has no sound basis for making a finding that the amount is "feasible" for purposes of section 1129(a)(11). Third, a plan is difficult, if not impossible to formulate, if the claims to be paid are for amounts that are unknown, especially where the liability of the Debtors remains undetermined. Accordingly, this Court should find that the claims and causes of action that are subject to the Transfer Motion are sufficiently "related to" the Debtors' bankruptcy proceeding pursuant to 28 U.S.C. § 1334(b).

## C. Scope of Transfer

15. Similarly, this Court has express authorization to transfer these claims and causes of action. Section 157(b)(5) provides:

> The district court shall order that personal injury tort and wrongful death claims be tried in the district court in which the bankruptcy case is pending or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5) (1994).

16. Honeywell respectfully contends that this Court has the authority and should exercise such authority to transfer these claims as it did with the Auto Makers' application. This Court should exercise such authority in the interests of justice, for the benefit of all parties in the litigation, and for the benefit of the estate. The transfer would permit the eventual consolidation of such claims for purposes of determining the common threshold scientific question of whether the plaintiffs in the underlying actions can establish that friction products containing encapsulated asbestos fibers, can, as a matter of established medical science, be a cause of certain asbestos-related medical disorders. Honeywell adopts, and incorporates by reference, the persuasive arguments advanced by the auto makers in a corresponding Memorandum of Law filed in this proceeding. See Memorandum of Daimler Chrysler Corporation, Ford Motor Company and General Motors Corporation in Support of Their Motion to Transfer Related Claims (the "Auto Makers Motion") (filed on November 20, 2001).

17. The litigation against Honeywell and its co-defendants exists only because the distinct body of science relating to automotive brakes has not been given proper force. Science shows that brake workers are not exposed to significant quantities of asbestos. Further, the established epidemiology has shown no causal relationship between exposure to brake dust and asbestos-related disorders.

18. Moreover, the procedural tools exist for adjudication of the core scientific issue of general causation. The Supreme Court's decision in Daubert v. Merril Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) mandates scrutiny of scientific evidence for its reliability. The established science demonstrating the absence of any increased risk associated with automotive brakes presents a clear case for dismissal under Daubert.

19. Honeywell respectfully asks the Court to exercise its power to resolve the Daubert issue, which is central to these Chapter 11 proceedings. This limited resolution of this issue will help resolve the complex and substantial liability problem that could otherwise consume a significant part of this case and might preclude any attempt at reorganization by the Debtors.

20. To efficiently and fully effect such relief, Honeywell respectfully requests that this Court immediately enter a provisional order transferring these claims and causes of action to this Court (the "Provisional Transfer Order"). After further notice and an opportunity for a hearing by the affected parties, the Provisional Order can be made final.

21. The procedure that Honeywell is requesting this Court to employ in immediately entering the Provisional Transfer Order, to be made final upon notice and a hearing for all affected parties, is exactly the procedure followed in prior mass tort bankruptcies such as A.H. Robins.

22. In A.H. Robins v. Piccinin, 788 F.2d 994, 1015 (4th Cir. 1986), the Fourth Circuit required the same procedure stating that the immediate transfer:

> ... is ... conditional, dependent finally and ultimately on a ruling to be made only after notice to all claimants advising them of their right to enter any objections they may have to such a tentative ruling and to submit a motion for abstention in their particular case. The notice to be given all claimants could be in the form of a letter to both the claimant and to his or her attorney stating the conditional ruling made subject to a final hearing, to become final only after reasonable opportunity given all claimants to object and/or to seek abstention. We would think the notice should fix a time limit for the filing of objections by

> claimants and should fix a date for hearing on the objections. The tentative order might be made final as to any claimant who failed to enter an objection within the prescribed time .... Such a [procedure] ..., it would seem, should satisfy the requirements of due process and of the Bankruptcy Rules in the unusual circumstances of this case.

Id.

23. The immediate Provisional Transfer Order is necessary to effectuate the relief sought by Honeywell to maintain the status quo and to prevent a mad scramble by the underlying asbestos plaintiffs in the numerous district courts where removal actions have been filed requesting that the transferor district court remand the removed claims or causes of action pursuant to 28 U.S.C. § 1452(b), or abstain from considering the removed actions under 28 U.S.C. § 1334(c)(1). Honeywell respectfully contends that such actions would be at odds with the clear purpose of 28 U.S.C. § 157(b)(5), the Order of Chief Judge Robinson dated November 29, 2001 implementing the Order of Chief Judge Becker and transferring these cases to this Court for consolidation, and the Order of this Court dated December 10, 2001, granting similar relief to the Auto Makers.

Accordingly, Honeywell requests the immediate entry of the Provisional Transfer Motion in the interests of justice for all parties.

**NOTICE**

24. A copy of this Motion and related documents has been served electronically or by regular mail on (a) Laura Davis Jones, Esq. and James E. O'Neill, Esq., Pachulski, Stang, Ziehl, Young & Jones, attorneys for the Debtors; (b) Robert Jacobs, Esq., Jacobs & Crumplar, P.A., attorneys for the Plaintiffs; (c) William E. Chipman, Jr., Greenberg Traurig, LLP, attorneys for the

Bank of New York; (d) Charlene D. Davis, Esq. and Eric M. Sutty, Esq., the Bayard Firm, attorneys for the Official Committee of Unsecured Creditors; (e) Matthew G. Zaleski III, Esq., Campbell & Levine LLC, attorneys for the Clinton Dale Ferguson Creditor Committee and the Official Committee of Asbestos Claimants Creditor Committee; (f) Steven T. Davis, Esq., Obermeyer Rebmann, Maxwell & Hippel, LLP, attorneys for the Unofficial Committee of Select Asbestos Claimants; (g) the Office of the United States Trustee for this Region; and all persons who have entered notices of appearance in these cases as of December 17, 2001. In light of the nature of the relief requested herein, Honeywell submits that no other or further notice is required.

**WHEREFORE,** Honeywell respectfully requests that this Court immediately issue an Order (i) provisionally transferring the associated claims and causes of action asserted against Honeywell, the cross-claims asserted by Honeywell against the Debtors, and the corresponding cross-claims asserted by the Debtors against Honeywell to this Court pursuant to 28 U.S.C. § 157(b)(5); (ii) providing that such Order shall become final after notice to, and an opportunity for hearing for the affected parties; and (iii) granting Honeywell such other relief as is just.

Dated: December 17, 2001

TYBOUT, REDFEARN & PELL
300 Delaware Avenue
P.O. Box 2092
Wilmington, Delaware 19899
(302) 658-6901
(302) 658-4018
(Bar I.D. 2464)

By: ______________________
Sherry R. Fallon

and

DRINKER BIDDLE & SHANLEY LLP
A Pennsylvania Limited Liability Partnership
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 360-1100

By: A. Dennis Terrell
A. Dennis Terrell

Attorneys for Honeywell International, Inc.

#784571